**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA ELIZABETH CERON SANTOS, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2296 <br><br> Agency No. A201-565-837 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025[**]
Pasadena, California

Before:    TASHIMA and BYBEE, Circuit Judges.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]    Judge Sandra Ikuta, who was a member of the panel at the time the case was argued, passed away on December 7, 2025 . In accordance with General Order 3.2(h), this opinion (or memoranda) is issued by the remaining panel members as a quorum pursuant to 28 U.S.C. § 46(d).

Sandra Elizabeth Ceron Santos, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA or Board). The Board dismissed Petitioner's appeal of a decision of the Immigration Judge (IJ), who denied her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The record does not compel the conclusion that the adverse credibility determination should be overturned. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (explaining that credibility determinations must be upheld unless the evidence compels a contrary conclusion). Because Petitioner has failed to meet her "substantial burden" of "convinc[ing] us to overturn a Board decision denying relief on credibility grounds," *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021), her claims for asylum and withholding of removal must be denied. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam) (holding that substantial evidence supported the Board's conclusion that, "without credible testimony, [the petitioner] failed to establish eligibility for asylum or withholding of removal"); *Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017) (per curiam) ("Because the Board's adverse credibility determination is supported

by substantial evidence, [the petitioner] cannot satisfy his burden of proving he is eligible for asylum and withholding of removal.").

2. The IJ's reliance on opinions that were vacated by *In re A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), does not require remand. *In re A-B-* addressed "the requirements that must be met to establish that an applicant has suffered persecution on account of membership in a particular social group," *id.* at 308, and has no bearing on the adverse credibility determination in this case.

3. Although "ineligibility for asylum and withholding of removal does not necessarily preclude eligibility for CAT relief, [Petitioner]'s 'claims under the [CAT] are based on the same statements . . . that the BIA determined to be not credible' in the asylum context." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (quoting *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015)). Because Petitioner has not pointed to any evidence to support her CAT claim other than the statements the IJ and BIA found not credible, the BIA did not err in concluding that Petitioner failed to show that "it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." *Id.* (quoting 8 C.F.R. § 208.16(c)(2)).

The petition for review is **DENIED**.[1]

---

4